ANSTEAD, Judge,
dissenting:
This case involves a dispute between the county and the city as to who has jurisdiction to prepare a comprehensive land use plan for a “reserve area” located within the county and outside of but adjacent to the city. In 1967 the legislature granted the city the exclusive right to annex this area but provided that no city authority could be exercised over the area until it was actually annexed. Chapter 67-1112, Laws of Florida, Special Acts of 1967.
In 1975 the Local Government Comprehensive Planning Act was enacted requiring all counties and municipalities to adopt comprehensive plans for areas within their jurisdictions on or before July 1, 1979. As to the reserve area the Act provides:
In the case of municipalities where reserve areas have been designated for future annexation by law, the term “area” shall include, as being under the jurisdiction of the municipality for purposes of this act, such unincorporated but designated and reserved lands. § 163.3164(1), Florida Statutes.
That language is at the focus of the dispute here. The trial court ruled that the county had exclusive jurisdiction to adopt a comprehensive plan for the reserve area, since the county is the only entity that can legally exercise governmental authority over the area. Although that decision appears emi *983 nently sensible, it appears to directly conflict with Section 163.3164(1), supra. Another provision of the Planning Act provides:
Where this act may be in conflict with any other provision or provisions of law relating to local governments having authority to regulate the development of land, the provisions of this act shall govern unless the provisions of this act are met or exceeded by other provision or provisions of law relating to local government. Nothing in this act is intended to withdraw or diminish any legal powers or responsibilities of state agencies or change any requirement of existing law that local regulations comply with state standards or rules. Section 163.3211, Florida Statutes.
When you put the provisions of Sections 163.3164(1) and 163.3211 together you Aave the legislature stating that the city has the power to plan in reserve areas notwithstanding any contrary provisions of law.
The county in essence concedes that the legislature has the authority to authorize the city to plan for the area but contends that other provisions of the Planning Act indicate that the county has planning authority over all the unincorporated area and that a city may exercise authority only if the county agrees. In addition the county cites a host of practical problems arising from one body having authority to plan and another body having the authority to govern.
One thing is clear: the legislature did not provide the details of how the planning is to be effected when a city does the planning for an area outside the city and within the general governmental jurisdiction of the county. Although numerous provisions are made encouraging cooperation between the two bodies, no provision is made for the implementation of plans for reserve areas when the city and county cannot agree.
In conclusion, common sense tells me that I should affirm what the trial judge has done here; but the express provisions of the legislature must prevail and I cannot ignore the clear language of Section 163.3164(1), supra.